## George Ward v. Samuel P. Jewett.

| Walk.ch. |
| --- |
| 1w    45 |
| 129    4   99 |
| 129      100 |

Where a defendant permits a bill to be taken as confessed against him, it is an admission on his part of every material fact stated in it.

If the defendant wishes to controvert any allegations in the bill, he should put them in issue by plea or answer, and neglecting this, he is precluded from introducing evidence for that purpose before the Master, on a reference.

Where a Master erroneously refuses to receive testimony, the proper way to correct it is by motion to the Court for an order compelling him to receive the evidence, and not by excepting to his report.

If the allegations in a bill are sufficiently clear and positive to establish a fact without proof, it need not be adduced; otherwise, where they are vague and indefinite.

Where complainant was compelled by the improper conduct of the defendant, and without fault of his own, to come into Court for a settlement of partnership accounts, he was held entitled to costs.

THIS was on exceptions to a Master's report on a reference to take and state an account between the parties as copartners.

The Master, in stating the account between defendant and the copartnership, charged him with $79.01, the amount of a judgment which, it was stated in the bill of complaint, he had received for the copartnership. The defendant offered to prove that the money was received by him on his own account, and not for the copartnership; but the Master refused to hear evidence for that purpose, as the bill, which had been taken as confessed, alleged that he had received it on a copartnership debt. The defendant excepted to so much of the Master's report as charged him with the $79.01; *first*, because the Master refused to hear the evidence; and, *second*, because he allowed the charge on the allegations of the complainant's bill, without other proof.

*G. Miles*, for complainant.

*O. Hawkins*, for defendant.

THE CHANCELLOR. The defendant was properly charged with the $79.01. Instead of answering the bill, he let it be taken as confessed. That was an admission on his part, of every material fact stated in it. If he had wished to controvert the truth of any of the allegations of the bill, he should have put them in issue by plea or answer; and not having done so, he was precluded from introducing evidence for that purpose before the Master.

When the Master has erroneously refused to receive testimony, the way to correct the error is by a motion to the Court for an order requiring him to receive it, and not by exceptions to the report. *Schwarz* v. *Sears*, *ante*, 19.

The only remaining question is, whether the allegations of the bill were sufficient to charge the defendant, without further proof. The rule on this subject is this : If the allegations are sufficiently clear and positive to establish a fact without other proof, it need not be adduced; but if they are vague and indefinite, further proof should be given. *Williams* v. *Corwin*, *Hopk. R.* 471. On looking into the bill, I am satisfied the allegations are sufficient. The bill states that the defendant received of Josiah P. Jewett, who owed the copartnership between two and three hundred dollars, a promissory note against one Edward F. Gay, for $75, or thereabouts, to be applied on the partnership debt, and that he subsequently obtained a judgment for $75.33 on the note, which judgment was collected by him and applied to his own use. These facts are so clearly stated in the bill, as to leave no doubt the defendant would have put them in issue, if he could have denied them under oath. He must have been aware of

the extent of the admission he was making, when he permitted the bill to be taken as confessed against him.

Exceptions overruled, and Master's report confirmed.

A question subsequently arose concerning the costs in the suit, when the following opinion was delivered by the Court.

THE CHANCELLOR.   It appears by the original and supplemental bills, both of which have been taken as confessed, that the defendant was altogether in fault; *first,* in refusing to apply the money he had received on the judgment against Gay, upon the copartnership debt due from Josiah P. Jewett; and, *secondly,* in taking and retaining possession of the books of account mentioned in the supplemental bill, which was the cause of the filing of that bill.   The complainant was compelled by the improper conduct of the defendant, and without any fault of his own, to come into this Court for a settlement of the copartnership business; and he must recover his costs against the defendant.   *Caldwell* v. *Leiber,* 7 *Paige R.* 483.